Hale. J,
This case comes into this court by appeal.
*265 The case ready requires a more extensive discussion thaa we will be able to give it this afternoon. It has been very ably presented upon briefs which we have examined, but have not time to go through the entire discussion, as perhaps, counsel are entitled that we should do, but I will state the conclusions.
The plaintiff, on behalf of himself and other tax-payers of the village of Cuyahoga Falls,seeks to enjoin the auditor of Summit county from placing upon the duplicate for collection a tax levy of two and eight-tenths mills, authorized by the council of said village,
It is claimed, first, that the ordinance providing for the building of a system of water works and the levying of a tax was and is wholly void for the reason that the ordinance was not read on three different days as required by statute, nor were the rules suspended and the ordinance properly passed under such suspension of the rules. The record does not sustain this claim. While there was a slight irregularity in the proceedings of the council, it was by no means such as to invalidate the ordinance. The legislation is entirely complete and legal.
Second — It is claimed that this levy is wholly illegal and void for the reason that it is in excess of the amount which under the statute, the village is authorized to levy. Before the passage of the ordinance making this levy of, two and eight-tenths mills the council had, by ordinance, levied for that year a tax for all purposes of ten mills, which was the limit, as claimed by the plaintiff. Section 2689a, Revised Statutes, it is said provides such limitation.
“The aggregate of all taxes ordered by any other municipal corporation than cities of the first grade of the first class, including the levy for general purposes above the tax for the county 'and state purposes, and excluding the tax for school and school-house purposes, and in villages of the first class any tax levied for the creation of a library fund as provided in an act passed M >reh 15, 1892,” etc.
Now, I omit all portions of the statute except those relating to the question we have. Coming down to villages it says:
“In villages of the first, class eight mills, and in all other villages ten mills on each dollar of the value of any property as valued for taxation on the county duplicate.”
*266 So we see by this section of the statute the limit fixed for taxation for all purpo es is ten mills upon the dollar. The object and purposes for which the village was authorized to levy a tax is fixed by prior sections of the statute, fixing the various purposes and objects for which levy can properly be made, and the statute provides, that annually in fixing the amount of the levy the municipal council shall provide, by ordinance, for the distribution of the tax levied among the several departments of the corporation. I believe formerly, by statute, the levy for each particular purpose, object and department was fixed, and a limit fixed for the taxation for that particular purpose; but now the limitation is in general terms, ten mills upon the dollar, leaving the council to distribute among the different funds. This section limits the levy to be made for the ordinary purposes at least and the general needs of the corporation, such as the council are authorized to levy without any authority by a vote of the electors of the corporation. After the passage of this section of the statute which is passed into the revision as section 2689a, and after that section had been construed by the supreme court at least two or three times, what is now known as sections 2835, 2836 and 2837 were passed. The original act, which has become those sections in the revision, was entitled “An Act to Authorize Municipal Corporations, Counties and Townships to levy a tax for Special Improvements and for the Payment of Debts,” and it was passed January 12, 1879.
Section 2835 provides:
“The trustees of any township or hamlet or the council of any municipal corporation may issue and sell their bonds, in amouut in denominations such as they may deem necessary for the special purpose in view, whenever it is desired by the voters of such township or municipal corporation to make any of the following improvements or to provide for any of the following public purposes:”
And among others, ‘Por erecting or purchasing water works and supplying water to the township or corporation and the inhabitants thereof.”
Section 2836 provides:
“For the payment of bonds issued under the preceding section, the township trustees or municipal council shall levy *267 a tax in addition to the amount otherwise authorized, every year during the period the bonds have to run, sufficient in amount each year to pay the bonds falling due within that year, and the accruing interest.”
Section 2837 prescribes the mode and manner of submitting the questions to the voters and people at the general election.
Now we have reached the conclusion that this section of the statute was intended to be and is independent of the limitation fixed by 2689a, and is in terms so expressed. After the ordinary expenses and needs of the corporation have been provided for in an amount fixed by the levy for such purpose, provision is made under which special improvements can be made. These improvements can only go forward when sanctioned by two-thirds of the electors, voting at a general election held for that purpose. The language of this section implies that taxes by other provisions of the statute have been authorized, and that this tax in amount is in addition to the taxes that have been thus authorized. It deals with a proposition in which the amount of a tax has been authorized by previous provisions of the statute, and then, in addition to that amount, the taxes under the special provision of this section of the statute are authorized. The language of the statute is “in addition to the amount otherwise authorized.” It is said that this amount is in addition to the objects for which a tax was heretofore authorized. If that is what is meant; it would have been very easy to say so, but it says here,“in addition to the amount otherwise authorized. ”.
While there may be some doubt about this question, we have concluded that the tax authorized under this latter section is independent of the limit provided by 2689a,and that there is no ground made in the case for an injunction.
The petition, therefore, will be dismissed.